UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EFRAIN ZARATE, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:14-cv-722 |
| | § | |
| NOBLE FINANCE | § | |
| CORPORATION, | § | |
| | § | |
| DEFENDANT | § | JURY DEMANDED |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Efrain Zarate, by and through his undersigned attorney of record, and sues Defendant Noble Finance Corporation ("Defendant") and in support thereof would show unto this Honorable Court as follows:

1.  Plaintiff brings this action for unpaid minimum wage, unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA").

2.  Plaintiff is an individual residing in Hidalgo County, Texas.

3.  Defendant Noble Finance Corporation is a foreign corporation formed and existing under the laws of the State of Oklahoma and maintains and operates its principal office in Boerne, Texas. Defendant can be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan St., Suite 900, Dallas Texas 75201.

4.  Defendant Noble Finance Corporation was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, Title 28 U.S.C. §1337, and by Title 29 U.S.C. §216(b).

6. Venue is proper in this district under 28 U.S.C. § 1391.

7. At all times pertinent to this Complaint, Defendant Noble Finance Corporation was an enterprise engaged in interstate commerce.

8. At all times pertinent to this Complaint, Defendant Noble Finance Corporation regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. At all times pertinent to this Complaint, Defendant Noble Finance Corporation had gross operating revenues in excess of $500,000.00.

10. At all times pertinent to this Complaint, Defendant Noble Finance Corporation employed two or more persons in interstate commerce.

11. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce or in the production of goods for commerce.

12. Plaintiff worked for Defendant from 2006 through July 14, 2014 as a manager.

13. Defendant regularly refused to compensate Plaintiff for all hours worked each week. No justification or excuse existed for Defendant's practice of failing to compensate Plaintiff for all work performed each week.

14. As such, Defendant failed to pay Plaintiff minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. Defendant willfully violated Plaintiff's rights under the FLSA.

15. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).

16. During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked (overtime compensation).

17. The acts described in the preceding paragraph violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendant willfully violated Plaintiff's rights under the FLSA.

18. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages and overtime which was not paid and which should have been paid.

19. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to his unpaid minimum wages and his unpaid overtime pay pursuant to Section 216 of the FLSA.

20. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Efrain Zarate requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award damages to Plaintiff as specified above;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF